UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK H., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-02850-MJD-RLY |
| | ) |
| NANCY A. BERRYHILL, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTIONS FOR ATTORNEY'S FEES**

This matter is before the Court on Plaintiff's Motions for Attorney's Fees. [Dkt. 31; Dkt. 36; Dkt. 44.] For the reasons set forth below, the Court **GRANTS** Plaintiff's *Second Amended Motion for Attorney's Fees* [Dkt. 44] and **DENIES AS MOOT** Plaintiff's remaining motions [Dkt. 31; Dkt. 36].

## I.   Background

On August 18, 2017, Plaintiff filed a complaint seeking to reverse the decision of the Commissioner of Social Security denying his application for Social Security benefits. [Dkt. 1.] On December 27, 2017, the Court reversed the Commissioner's decision and remanded the case to the Social Security Administration for further proceedings. [Dkt. 25.] Plaintiff received an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $943.50. [Dkt. 30.]

A second administrative hearing was held, and the Administrative Law Judge ("ALJ") issued a favorable decision. [Dkt. 31-4.] On December 13, 2018, Plaintiff's counsel filed a motion for reasonable attorney's fees pursuant to Section 406(b) of the Social Security Act, and

submitted therewith a copy of the fee agreement providing for twenty-five percent of the past-due benefits resulting from the claim. [Dkt. 31.]

On January 17, 2019, Plaintiff's counsel filed an amended motion for attorney's fees, seeking a reduced award of $12,013.07. [Dkt. 36.] Defendant objected, arguing, among other things, that the requested amount constituted a windfall to Plaintiff's counsel. [Dkt. 37.] After a hearing, Plaintiff's counsel filed a second amended motion for attorney's fees, further reducing his request to $6,500.00. [Dkt. 44.] The Commissioner does not object to Plaintiff's Second Amended Motion. [Dkt. 45.] These Motions are now before the Court.

## II. Legal Standard

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal. 42 U.S.C. § 406(b)(1)(A). In addition to the allowance of fees pursuant to § 406(b), the EAJA mandates that a court award attorney's fees and other expenses to the prevailing party in civil actions against the United States (such as disability benefit appeals to the federal court). *See* 28 U.S.C. § 2412(d)(1)(A). When a prevailing claimant's attorney qualifies for 406(b) fees but has already received a fee award pursuant to the EAJA, "such award offsets the allowable fee under § 406(b)." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Astrue v. Ratliff*, 560 U.S. 586, 595–96 (2010). Even where an attorney's 406(b) motion for fees is not opposed, the Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

### III. Discussion

Plaintiff's counsel seeks an award of attorney's fees in the amount of $6,500.00, which is less than 25 percent of the total past-due benefits awarded to Plaintiff. The Supreme Court in *Gisbrecht* found that § 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Those controls include the following parameters: (1) attorney fees may only be obtained if the claimant is awarded back benefits; (2) attorney fees are awarded from, not in addition to, those back benefits; and (3) attorney fees cannot exceed 25 percent of the back benefits. *Id.* at 795. Here, Plaintiff was awarded back benefits, so an award of § 406(b) attorney's fees is appropriate. [Dkt. 31-5.]

However, 25 percent of the award of past-due benefits is not presumptively reasonable "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable. *See, e.g.*, *Zimmerman v. Astrue*, No. 1:08-cv-00228, 2011 WL 5980086, at *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, at *3–4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-cv-00018, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to an hourly rate of $583.50). Courts have, however, occasionally given fees outside this range when warranted, such as when plaintiff's counsel "handle[s] [the] case in a very efficient manner." *Fitzpatrick v. Berryhill*, No. 1:15-cv-1865-WTL-MJD, Dkt. 33 at 2 (S.D. Ind. October 31, 2017). Plaintiff's counsel states that he billed a total of 5.1 hours on this case. [Dkt. 44-2 at 2.] Thus, dividing $6,500 (i.e., the award counsel has requested under 406(b)) by the 5.1 hours spent on the case, the hourly rate comes to

$1,274.51.  While outside the typical range, this amount is still consistent with previous fees awarded by courts in the Seventh Circuit when circumstances permit.  *See Fitzpatrick*, No. 1:15-cv-1865-WTL-MJD, Dkt. 33 (approving an award equivalent to an hourly rate of between $1,045 and $2,908).

Finally, Plaintiff also received an award of $943.50 in EAJA fees.  Generally, such an award offsets Plaintiff's 406(b) award.  *Koester*, 482 F. Supp. 2d at 1080.  Plaintiff's counsel has asked the Court to order him to refund this amount to Plaintiff upon receipt of the 406(b) award. [Dkt. 31-2 at 7.]  However, the Court has found it more efficient to offset the EAJA award from the requested counsel's fees.  *See Cale v. Colvin*, No. 1:12-cv-01527-MJD-RLY, Dkt. 30 at 3 (S.D. Ind. Sept. 24, 2015).  Thus, to prevent exceeding the 25 percent maximum fee, the Court offsets the $943.50 EAJA award by subtracting it from the requested $6,500 amount.  This reduces Plaintiff's counsel's fee request to $5,556.50.

### IV. Conclusion

For the aforementioned reasons, the Court **GRANTS** Plaintiff's *Second Amended Motion for Attorney's Fees* [Dkt. 44] in the amount of $5,556.50 to be paid directly to Plaintiff's counsel.  The Court also **DENIES AS MOOT** Plaintiff's *First Motion for Attorney's Fees* [Dkt. 31] and Plaintiff's *First Amended Motion for Attorney's Fees* [Dkt. 36].

SO ORDERED.

Dated:  3 JUN 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

Catherine L. Gibbons
SOCIAL SECURITY ADMINISTRATION
catherine.gibbons@ssa.gov

Matthew Frederick Richter
KELLER & KELLER LLP
mrichter@2keller.com

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov